1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

12  NJOY, LLC,

13              Plaintiff,

14       v.

15  iMiracle (HK) Limited, *et al.*,

16              Defendants.

CV 23-08798 TJH (SSCx)

# Order

20      The Court has considered Plaintiff NJOY, LLC's ["NJOY"] motion to serve
21  foreign Defendants by email [dkt. # 85]; Plaintiff's motion for a preliminary injunction
22  [dkt. # 51]; and the proposed stipulation [dkt. # 128] between Plaintiff and certain
23  Defendants, including Breeze Smoke LLC ["Breeze"], regarding a proposed briefing
24  schedule and discovery for Plaintiff's motion for a preliminary injunction, together with
25  the moving papers.
26      On October 19, 2023, NJOY filed this case against 51 defendants who, allegedly,
27  manufacture, distribute, market, and/or sell to adults unlawful tobacco products,
28  including candy and fruit flavored disposable vaping devices, in California.  NJOY

alleged that it manufactures and markets only lawful tobacco products.

NJOY alleged claims for: (1) False advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a), and Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) Violation of the Prevent All Cigarette Trafficking Act of 2009, 15 U.S.C. § 375, *et seq.*; and (3) Unfair competition, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* ["UCL"].

**Specially Appearing Defendant**

Breeze has attempted to make a special appearance, here. However, the Federal Rules of Civil Procedure have – long ago – abolished the distinction between general and special appearances. *See Wright v. Yackley*, 459 F.2d 287, 291 (9th Cir. 1972). Accordingly, Breeze's appearance, here, is a general appearance.

**Equitable Jurisdiction over the Unfair Competition Law Claim**

NJOY alleged a UCL claim against all Defendants. Because only equitable remedies are available for UCL claims, for the Court to have equitable jurisdiction over the UCL claim, here, NJOY must have alleged that all available legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020). Because NJOY did not allege, here, that all available legal remedies are inadequate, the Court lacks equitable jurisdiction over its UCL claim. *See Sonner.*

**Misjoinder**

A plaintiff may join any number of defendants in a single case provided that: (1) The plaintiff's right to relief is asserted jointly, severally or in the alternative against all of the defendants; (2) The plaintiff's right to relief against all of the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (3) There are common issues of law and fact as to all parties. Fed. R. Civ. P. 20(a)(2).

Though NJOY vaguely alleged that a few of the Defendants were affiliated with another defendant without explaining those affiliations, there were no allegations that all of the Defendants are liable to NJOY jointly, severally or in the alternative. Further, NJOY did not allege that any – let alone all – of the Defendants participated

1  in the same transaction, occurrence, or series of transactions or occurrences.

2  Allegations regarding violations of the same laws in comparable ways by multiple

3  defendants does not create a common transaction or occurrence.  *See Couglin v.*

4  *Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

5       While misjoinder is not a basis for the dismissal of an entire case, the Court may,

6  *sua sponte* and at any time, "drop" a misjoined party.  Fed. R. Civ. P. 21.

7  Consequently, the Court will dismiss, without prejudice, all Defendants other than the

8  first named Defendant, iMiracle (HK) Limited.

9  **Preliminary Injunction**

10      Because NJOY seeks a preliminary injunction against only certain Defendants

11  other than iMiracle (HK) Limited, its motion for a preliminary injunction is, now,

12  moot.  Further, the proposed stipulation regarding a proposed briefing schedule and

13  discovery for NJOY's motion for preliminary injunction is, also, moot.

14  **Service by Email**

15      NJOY seeks leave of Court to serve the foreign Defendants, here, by substitute

16  service via email.  The only remaining Defendant is iMiracle (HK) Limited.  iMiracle

17  (HK) Limited is a Hong Kong limited liability company with its principal place of

18  business in Hong Kong, China.

19      Fed. R. Civ. P. 4(h)(2) permits the Court to direct foreign corporations to be

20  served by any "means not prohibited by international agreement … ."  *Rio Props. Inc.*

21  *v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  The substitute service

22  merely needs to be "'reasonably calculated, under all the circumstances, to apprise

23  interested parties of the pendency of the action and afford them an opportunity to

24  present their objections.'" *Rio Props.*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent.*

25  *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

26      The United States and China are, both, signatories to the Hague Convention.

27  Nevertheless, NJOY seeks to avoid service via the Hague Convention merely because

28  of the anticipated six months it would take to complete service through that process.

1   NJOY presented no argument or evidence that iMiracle (HK) Limited has actively
2   evaded service.   Regardless, the Hague Convention does not specifically prohibit
3   service by electronic means. *See, e.g., Liberty Media Holdings, LLC v. March*, 2011
4   WL 197838, at *2 (S.D. Cal. Jan. 20, 2011).

5       In its motion, NJOY stated that it does not have an email address for iMiracle
6   (HK) Limited.   Consequently, NJOY is asking the Court to direct it to serve iMiracle
7   (HK) Limited via email to its counsel in another case, *VPR Brands, LP v. iMiracle HK*
8   *Ltd, et al.,* Case No. CV 22-81977 AMC (S.D. Fla), which was closed on April 24,
9   2023.   On December 20, 2023, NJOY's counsel sent an email to iMiracle (HK)
10  Limited's counsel in the closed Southern District of Florida case asking whether he
11  would accept service by email on behalf of iMiracle (HK) Limited.   It is unknown
12  whether the Florida attorney ever replied to that email.

13      Unless iMiracle (HK) Limited's Florida attorney agrees to accept service on
14  behalf of iMiracle (HK) Limited, the Court will not direct service by email, here.

15

16      Accordingly,

17

18      It is Ordered, *sua sponte*, that Plaintiff's claim for unfair competition be, and
19  hereby is, Dismissed, without prejudice, for lack of equitable jurisdiction.

20

21      It is further Ordered, *sua sponte*, that all Defendants – other than the first
22  named Defendant, iMiracle (HK) Limited – be, and hereby are, Dismissed, without
23  prejudice, for misjoinder.

24

25      It is further Ordered that the motion for a preliminary injunction [dkt. # 51]
26  be, and hereby is, Denied as moot.

27

28      It is further Ordered that the proposed stipulation [dkt. # 128] be, and hereby

is, 𝔇𝔢𝔫𝔦𝔢𝔡 as moot.

It is further 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to serve foreign Defendants by email [dkt. # 85] be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡 with leave to renew.

Date: January 18, 2024

_____

Terry J. Hatter, Jr.
Senior United States District Judge